IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

John Rutan,                                    :

             Plaintiff          :     Civil Action 2:10-cv-00923

v.                                             :     Judge Smith

Michael J. Astrue, Commissioner
of Social Security,                            :     Magistrate Judge Abel

             Defendant
                                               :

**ORDER**

This matter is before the Court on plaintiff John Rutan's August 29, 2011 objections to Magistrate Judge Abel's August 10, 2011 Report and Recommendation. The Court, having reviewed the record *de novo*, determines that there is substantial evidence supporting the administrative law judge's determination that plaintiff John Rutan is not disabled within the meaning of the Act.  The Court further finds for the reasons set out below that plaintiff's objections to the Report and Recommendation are without merit.

Plaintiff argues that the administrative law judge relied upon a flawed assessment by an agency reviewer and did not make her own independent assessment of whether there had been a change or deterioration in plaintiff's condition. Neither the administrative law judge nor the agency reviewers had access to the prior evidence. With respect to plaintiff's physical condition, the administrative law judge relied on the

assessments of two state agency reviewers, Dr. Gerald Klyop and Dr. Michael Stock. On January 29, 2008, Dr. Klyop reviewed the medical records and completed a residual capacity assessment form. He indicated that the residual functional capacity adopted the April 19, 2007 administrative law judge decision pursuant to AR 98-4. Plaintiff maintains that there no indication that Dr. Klyop reviewed any of the past records or analyzed the evidence submitted after April 2007. Plaintiff maintains that it is impossible to discern why the newer evidence was rejected.  The administrative law judge adopted the conclusion of Dr. Meyer that there had been no change in her mental impairment, although he rejected new evidence in part because it supported a conclusion that plaintiff's mental impairments were more severe than the previous administrative law judge had found.  Plaintiff maintains that the administrative law judge should have analyzed the evidence relied upon by the previous administrative law judge and determined whether the state agency reviewers were correct in their assessment of the evidence. Plaintiff contends that had the administrative law judge done so, she could not have rejected Dr. Bousquet's stress tolerance finding under Acquiescence Ruling 98-4(6).

The administrative law judge adopted the physical residual functional capacity assessment formulated by Dr. Klyop. The administrative law judge summarized plaintiff's recent medical records related to his physical impairment as follows:

> The claimant testified that his low back pain has worsened since the prior decision. However, the lumbar MRI imaging studies since the prior decision have not shown deterioration in his lumbar spine as reported on March 20, 2008. (Exhibit C11F). Additionally, lumbar spine x-rays taken on January 9, 2008, showed no change since 2002, according to the report

2

that noted only "small" and "mild" abnormalities, which was otherwise "unremarkable." (Exhibit C9F). Likewise, right hip and lumbar spine x-rays taken on July 17, 2007, showed only mild abnormalities. (Exhibit C17F). The claimant even reported to his pain specialist Dr. Matusic at his last visit on July 23, 2009, that the course of his pain had been constant over the past eight years, and the physical examination on that date was essentially normal from an objective clinical standpoint with only notations of the claimant's subjective pain complaints. (Exhibit C20F). It is also noted that when the claimant had a consultative physical examination on January 9, 2008, he claimed to be unable to lift more than two pounds and could only carry two pounds for 10 feet, but his physical examination was essentially normal with the claimant having range of motion in all extremities and had no muscle atrophy that would be expected given the claimant's extreme subjective complaints. (Exhibit C8F). Furthermore, at the current hearing he reported no problems with migraine headaches or problems with depression, complaints that he had made at the prior hearing.

(15-16.) The Magistrate Judge correctly concluded that the administrative law judge was not required to review the treatment records from plaintiff's prior application because the record contains substantial evidence supporting the administrative law judge's finding that there was no change or deterioration in plaintiff's condition. On April 5, 2005, Dr. Hargraves noted that a recent MRI had similar findings to an October 2003 MRI. (R. 208.) On March 27, 2008, Dr. Timms found no significant difference from his prior MRI. (R. 245.) A January 9, 2008 x-ray of plaintiff's lumbar spine was similar to the 2002 x-ray. (R. 253.)

The record also contains substantial evidence to support the administrative law judge's conclusion that plaintiff's mental impairment had not deteriorated since the prior decision. Although Dr. Bousquet concluded that plaintiff was markedly impaired in his ability to deal with stress and pressure, this finding was inconsistent with plaintiff's activities of daily living and his lack of psychiatric medication or treatment.

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation. Plaintiff's motion for summary judgment is **DENIED**. Defendant's motion for summary judgment is **GRANTED**. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is **DIRECTED** to enter **JUDGMENT** for defendant. This action is hereby **DISMISSED**.

　　　　　　　　　　　　　　　　　　 /s/ George C. Smith

　　　　　　　　　　　　　　　　　　George C. Smith
　　　　　　　　　　　　　　　　　　United States District Judge